SARAH A. ROGERS as Executrix, Etc., of PAT-
RICK L. ROGERS, Deceased, Respondent, v. GEORGE
W. ROGERS, Appellant, Impleaded with JOHN F.
ROGERS and others.

*A trust is not void because the beneficiary is appointed a trustee.*

Appeal from a judgment, entered upon the trial of this action
by the court without a jury, and also from certain orders made
therein.

The action was brought to obtain a judicial construction of the
will of Patrick L. Rogers, deceased.

The judgment sustained the trusts mentioned in the will, for
the construction of which this action was brought, and the right
of the beneficiary in the trust to execute the same as trustee thereof.

The court at General Term said: "Patrick L. Rogers died in
1864, leaving a last will, whereby he devised and bequeathed
to his executors named therein all the estate of the deceased,
after the payment of debts, in trust to keep the estate invested,
and to collect the rents, as follows: To pay to his wife during
life or during widowhood, or during the minority of the testa-
tor's youngest child, 'whichever event should first happen, so
much of the income and profit of my estate, as may be neces-
sary for the comfortable support of herself and my mother,
and the maintenance and education of my said children, and
in case the whole of such income shall be insufficient for the
support of my wife and mother, and the maintenance and educa-
tion of my children, or such of them as may be minors, then and
in that case I authorize my executors and executrix to apply to
that purpose so much of the principal sum invested as may be
necessary to make up the deficiency.' The testator left real and
personal estate. There were named in the will, as executors, the
testator's wife and four other persons. The wife alone has quali-
fied. The argument made that the trusts contained in the will
are void, because the same person is trustee and beneficiary, cannot
be held good. It is a general rule that the same person cannot
be trustee and *cestui que trust,* but no valid trust should fail

because of the failure of a trustee to qualify. If all of the trustees named had qualified, then it would have been proper to direct that the trustees, other than the widow, should apply to her use what was her right under the will out of the trust estate. In *Bundy* v. *Bundy* (38 N. Y., 410), in a somewhat similar case, the court appointed a new trustee for that portion of the trust fund which was to be held for a beneficiary when the beneficiary was also trustee. The Court of Appeals approved of this saying that it was competent for the court to appoint a trustee. The trust must therefore be held good, unless it is in conflict with the statutes in relation to trusts."

*C. K. Corliss*, for the appellant. *Samuel V. Speyer*, for the respondent.

Opinion by BARNARD, P. J.

Present — BARNARD, P. J., and DYKMAN, J.; GILBERT, J., not sitting.

Judgment and order affirmed, with costs.